LOTTINGER, Judge.
This is a wrongful death action instituted by Mrs. Loretta Glockner Lasseigne, Widow of J. M. Lasseigne, individually and on behalf of her minor children, as the result of the death of her husband suffered in an automobile accident which occurred on November 29, 1957. The defendants are John Spilka, C. E. Stovall, d/b/a Stovall Lumber Company, and Pacific Indemnity Company, Mr. Stovall’s liability insurer. Following trial on the merits in the Court below, judgment was rendered in favor of the plaintiff and against Mr. Spilka and in favor of Mr. Stovall and his insurer, dismissing the plaintiff’s suit as to them. The plaintiff has appealed seeking a reversal of the judgment of the Lower Court insofar as it denied recovery against Mr. Stovall and his insurer. As Mr. Spilka has not appealed, the sole question presented is that of liability on the part of Mr. Stovall.
The Trial Judge rendered written reasons for judgment which succinctly disposes of the issue and which we adopt as our own. They are:
“The facts of the case are as follows: Mr. Lasseigne was driving his 1956 Pontiac in a westerly direction on U. S. Highway 190. Mr. Spilka, driving a *773 pickup' truck, was approaching from the west heading in an easterly direction. Mr. Spilka-was followed-by a lumber truck belonging to C. E. Stovall and driven by one J. T. Russell.
“Mr. Spilka approached the side road leading back to his destination in Oak-lawn, which road ran ah approximately northerly direction from ■ U. S. 190. Apparently, Mr. Spilka pulled into a left hand or west bound lane of traffic prior to essaying his turn into the side road. In order to avoid him, Mr. Las-seigne was forced to pull to the right. However he sideswiped Spilka and apparently lost control of his automobile, stricking the Stovall truck some 80 feet down the road from the point where the Spilka truck came to rest on the shoulder of the .road. Mr. Lasseigne was killed in the collision. '
“There can be no doubt that Mr. Spil-ka’s negligence in pulling into the wrong lane of traffic without observing the Lasseigne car coming toward him was the primary cause of the accident. The only real question for determination in this case is whether or not there was any concurrent negligence on the part of Mr. Stovall’s employee, J. T. Russell.
“The Court gathers from Mr. Spilka’s testimony, which was extremely difficult to understand, and which was taken under somewhat difficult circumstances, the following: Mr. Spilka was preparing to make a left turn across traffic into a side road leading to his destination. He looked ahead and saw the Lasseigne vehicle some distance down the road and believed that he was in a position to make the turn safely. He then saw in his rear view mirror the Stovall truck approaching from the rear and was afraid that it might try to pass him as he made his left turn. He therefore pulled to his left into the wrong lane of traffic and it was not until he was in the wrong lane of traffic that he again looked at the Lasseigne vehicle which by this time was extremely close to him. He then cut his wheel very sharply in an attempt to get off the road on. the left hand side thereof but .was ■ unable, to make it. He was sideswiped by the Lasseigne car.
“The driver of the.Stovall truck, Russell, testified that as he approached the Spilka truck from the rear and saw him begin to signal as though to slow down. Russell testified that he intended to pass Spilka, but when he. saw the signal, then, being about three truck lengths behind, he slowed his speed to about 25 or 30 miles an hour and was no longer gaining on' Spilka. He also testified that Spilka began to pull over, when he signaled. He was almost stopped when the Lasseigne car' struck liim. ’ He .further testified that he had no time to take any evasive action.
“I am unable to find anything which Russell did which would constitute negligence on his part. At the time of the collision he was almost stopped in his lane oí the highway. It is the opinion of t'he Court that he would not have had time to avoid the accident under the circumstances of the case as I understand them. It is apparent that Mr. Lasseigne was traveling at a relatively high rate of speed and that only a few seconds elapsed from the time that Spilka began to pull over until Lasseigne crashed into the Stovall truck.
“It is therefore the opinion of the Court that the negligence of Spilka was the sole and proximate cause of the accident which resulted in Mr. Lasseigne’s death. It only remains for the Court to fix the quantum of damages to be awarded herein.”
For the reasons assigned, the Judgment appealed from is affirmed.
Judgment affirmed.